**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-7171**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

GEORGE JEFFERSON, III, a/k/a Ace,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:09-cr-00251-FL-1; 5:14-cv-00324-FL; 5:14-cv-00421-FL)

Submitted: December 28, 2018                   Decided: January 8, 2019

Before GREGORY, Chief Judge, WILKINSON and RICHARDSON, Circuit Judges.

Dismissed in part, vacated in part and remanded by unpublished per curiam opinion.

George Jefferson, III, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

George Jefferson, III, seeks to appeal the district court's order dismissing his 28 U.S.C. § 2255 (2012) motion as successive and also dismissing the filing as a 28 U.S.C. § 2241 (2012) petition. The portion of the order dismissing the 28 U.S.C. § 2255 motion as an unauthorized second or successive motion is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

We have independently reviewed the record and conclude that Jefferson has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal from the denial of § 2255 relief.

The district court also ruled on Jefferson's motion, construing it as a 28 U.S.C. § 2241 petition challenging his sentence. The district court held that Jefferson's challenge to his career offender status was not cognizable under § 2241 pursuant to *In re Jones*, 226 F.3d 328 (4th Cir. 2000). However, when it issued its decision, the district

2

court did not have the benefit of our decisions in *United States v. Wheeler*, 886 F.3d 415, 426 (4th Cir. 2018), *petition for cert. filed*, 87 U.S.L.W. 3152 (U.S. Oct. 3, 2018) (No. 18-420), and *Lester v. Flournoy*, 909 F.3d 708 (4th Cir. 2018). Accordingly, we vacate this portion of the district court's order, and remand for further consideration of Jefferson's petition in light of *Wheeler* and *Lester*. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*VACATED IN PART AND REMANDED*